UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEON KEY,

    Defendant.

_____/

Case No. 20-20518

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [69]**

Defendant Deon Key is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution Butner Low. The matter is before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 69.) The government opposes the motion. (ECF Nos. 71, 73.) Defendant has not filed a reply. The Court has reviewed the record and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.**    **Background**

On December 8, 2021, Defendant pled guilty to Counts One and Two of the First Superseding Information in this case, which charged him with conspiracy to possess with the intent to distribute fentanyl in violation of 21 U.S.C. §§ 846, 841 and possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (ECF No. 37.) On May 9, 2022, the Court sentenced Defendant to a term of 57 months of imprisonment. (ECF No. 63.) Defendant's projected release date is November 16, 2025. Defendant now moves for compassionate release due to his health conditions, which include congestive heart failure, diabetes, and hypertension.

1

## II. Analysis

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Under this provision, a defendant may bring a motion for compassionate release on his own behalf after 1) exhausting the BOP's administrative process, or 2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at 1105. Before granting compassionate release, a court must conduct the following "'three-step inquiry:'" the court must 1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" 2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and 3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). There are currently no applicable policy statements for defendant-filed compassionate release motions.[1] *See id.* at 519.

Defendant asserts that he has satisfied the exhaustion requirement, and the government does not dispute this. Thus, the Court will address his motion on the merits.

Defendant relies on his serious medical conditions as the basis for relief. But the Court was aware of these conditions at the time of sentencing,[2] (*see, e.g.*, ECF No. 62,

---

[1] This will likely change soon. The Sentencing Commission recently promulgated a proposed amendment to U.S.S.G. § 1B1.13—the policy statement that applies to compassionate release motions. *See* Notice of Submission to Congress of Amendments to the Sentencing Guidelines Effective November 1, 2023, 88 Fed. Reg. 28,254, 28,254-59 (May 3, 2023). If that amendment takes effect, it will make the policy statement applicable to motions brought directly by defendants. *Id.* at 28,256-57.

[2] Defendant cites to a complaint he made to a doctor on April 28, 2022. (*See* ECF No. 69, PageID.560). This predates his sentencing that took place on May 9, 2022.

PageID.409), and "facts that existed at sentencing cannot later be construed as 'extraordinary and compelling reasons' to reduce a final sentence," *see United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021). Defendant takes issue with the medical care that he is receiving while in custody, but BOP medical records indicate he has regular check ups and access to his medications.[3] (*See* ECF No. 73, filed under seal.) Thus, the Court does not find that Defendant's "personal circumstances changed after sentencing in a way that is 'extraordinary and compelling.'" *See Hunter*, 12 F.4th at 569.

And even if Defendant could show "extraordinary and compelling" reasons, he is not entitled to the relief he seeks. Prior to granting compassionate release, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a).

Here, the underlying offenses are serious, and the Court found that the balance of the sentencing factors warrants Defendant's 57-month sentence less than 18 months ago. Thus, compassionate release would not be consistent with the § 3553(a) factors.

---

[3] Those records also indicate that Defendant refused the placement of an ICD recommended by a cardiac electrophysiologist as a precaution to sudden death due to his heart condition. (ECF No. 73, PageID.579.)

### III. Conclusion

For the reasons stated above, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: October 12, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 12, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager

4