UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEON KEY,

    Defendant.
_____/

Case No. 20-20518

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION [83]**

Defendant Deon Key is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution Butner Low. On December 28, 2023, Defendant moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the Sentencing Guidelines, which applies retroactively.[1] (ECF No. 77.) Appointed counsel appeared on behalf of Defendant. (ECF No. 78.) The probation department prepared a memorandum concluding that Defendant is not eligible for a reduction under Amendment 821. (ECF No. 80.) No objections were filed, and the Court denied Defendant's motion. (ECF No. 82.) Before the Court is Defendant's pro se motion "to correct plain error pursuant to Federal Rule of Criminal Procedure 60B," "to terminate counsel," and "to continue pro se with 18 U.S.C. 3582(c)(2) '821 motion.'"[2] (ECF No. 83.) For the reasons below, the Court DENIES Defendant's motion.

---

[1] Under § 3582(c)(2), the Court may modify the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lower by the Sentencing Commission."

[2] This motion was filed in response to the conclusion that Defendant is not eligible for a reduction but was sent to the Court prior to the denial of the § 3582(c)(2) motion.

1

I.  **Background**

On December 8, 2021, Defendant pled guilty to Counts One and Two of the First Superseding Information in this case, which charged him with conspiracy to possess with the intent to distribute fentanyl in violation of 21 U.S.C. §§ 846, 841 and possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (ECF No. 37.) Defendant's Rule 11 plea agreement included an appeal waiver. (*Id.* at PageID.138.) As set forth in the final presentence investigation report ("PSR"), based on a total offense level of 24 and a criminal history category of I, the guideline range was 51 to 63 months. (ECF No. 50, filed under seal.) No objections were filed to the PSR, and the parties agreed with the guidelines calculated by the probation department. (*See* ECF No. 59, PageID.382; ECF No. 62, PageID.405.) On May 9, 2022, the Court sentenced Defendant to a term of 57 months of imprisonment. (ECF No. 63.)

II. **Analysis**

Part B of Amendment 821 provides for a two-level reduction of the offense level for defendants without any criminal history points and whose offense did not involve specified aggravated factors. Defendant now takes issue with the criminal history point that was assigned to a prior offense by the probation department in the PSR. He asks the Court to "correct" his PSR because without that point, he believes he would be eligible for a reduction under Part B of Amendment 821 and could be granted relief pursuant to § 3582(c)(2).[3]

---

[3] Part A of Amendment 821 limits the criminal history impact of "status points," but as noted in the probation department's memorandum, Defendant did not receive any status points. Defendant does not raise any argument regarding this issue.

Federal Rule of Criminal Procedure 32(f) gives a party fourteen days to object to the contents of a PSR. No objections were filed here. Despite this, Defendant now asserts that the Court may correct the alleged "plain error" in the PSR under Federal Rule of Criminal Procedure 60(b). But that rule relates to victim's rights and has no applicability to this case. Federal Rule of Criminal Procedure 52(b) is the rule that provides for plain error review: "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." But this standard applies to certain issues raised on appeal before an appellate court and cannot be the basis for the relief sought here. The only rules that allow the district court to correct errors in criminal cases are Federal Rules of Criminal Procedure 35(a) and 36. Rule 35(a) allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error." But even if there was such an error, relief under Rule 35(a) may only be granted within fourteen days after sentencing. *See United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011). Defendant was sentenced on May 9, 2022—over twenty months ago. And Rule 36 applies only to clerical errors. Thus, the Court declines to reconsider whether Defendant's prior offense was properly assigned one criminal history point. This conclusion—along with the fact that Defendant's motion has already been denied—renders Defendant's requests for the termination of counsel and to proceed pro se moot.

### III. Conclusion

For the reasons stated above, Defendant's motion is DENIED.

SO ORDERED.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: February 7, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2024, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager